## LILLIE BLEILER v. JOHN W. KOONS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY.

Argued February 7, 1890—Decided February 17, 1890.

In an action for the breach of a promise to marry, the promise cannot be inferred from evidence of acts and expressions of the defendant indicating intimacy and affection, and taking place while the plaintiff is living with the defendant as his mistress.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 213 January Term 1890, Sup. Ct.; court below, No. 51 November Term 1888, C. P.

On November 8, 1888, Lillie Bleiler brought trespass against John W. Koons, to recover damages for an alleged breach of promise to marry. Issue.

At the trial on December 11, 1888, before ALBRIGHT, P. J., testimony was adduced on the part of the plaintiff showing that she was twenty-four years of age, the defendant being a widower of about sixty-four; that the plaintiff lived in the family of defendant as a housekeeper during the life of his wife, who died in October, 1886; that, the plaintiff then becoming ill, she went to her mother's, returning to defendant's house

in November, 1886, where she remained until the fall of 1888; that in January, 1887, after her return to the defendant's employ he made advances to her and induced her to occupy his room and bed with him, and thereafter she continued to share his bed while she remained in his employ; that though there was no express arrangement that he was to marry her, conversations which he had with her, detailed in the testimony, established, as was claimed, a contract of marriage; that she had a suitor, whom she discharged; that during the time she thus continued with the defendant, he at different times took her on visits to his brother in another town, to a sick neighbor, her mother and her aunt, and often took her to church and prayer meetings; that, living together alone, they joined in family worship; that their intimacies continued for one year and three months, when suddenly the defendant discharged the plaintiff from his house, and soon after was married to another woman.

At the close of the plaintiff's case, on motion of defendant the court entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be vacated having been argued, the court, ALBRIGHT, P. J., filed an opinion wherein, after citing and considering Von Storch v. Griffin, 77 Pa. 504; Baldy v. Stratton, 11 Pa. 316; 2 Chitty on Cont., 794, the rule was discharged. Thereupon the plaintiff took this appeal assigning the entry of judgment of nonsuit and the discharge of the rule to vacate it for error.

*Mr. James S. Biery*, for the appellant.

Counsel cited: Von Storch v. Griffin, 77 Pa. 504; Moritz v. Melhorn, 13 Pa. 331; Wagenseller v. Simmers, 97 Pa. 469; Leckey v. Bloser, 24 Pa. 408; Ellis v. Guggenheim, 20 Pa. 289; Baldy v. Stratton, 11 Pa. 318.

*Mr. Edward Harvey* and *Mr. E. J. Lichtenwalner*, for the appellee, were not heard.

In their brief filed, counsel cited: Weaver v. Bachert, 2 Pa. 80; Ellis v. Guggenheim, 20 Pa. 289; Baldy v. Stratton, 11 Pa. 318; Wagenseller v. Simmers, 97 Pa. 465; Von Storch v. Griffin, 77 Pa. 504; Commonwealth v. Walton, 2 Brewst. 488; Hay v. Graham, 8 W. & S. 27; Haines v. Stouffer, 10 Pa. 363.

PER CURIAM:

The judgment of nonsuit in this case was properly entered. The evidence was not sufficient to support a promise of marriage. The conduct of the parties was not of that unequivocal charac- acter from which a promise to marry can be fairly inferred. We decline to discuss the subject for obvious reasons.

Judgment affirmed.